**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

----------------------------------------------------------x
| | |
|---|---|
| In re | : Case No. 17-61735 |
| SCI DIRECT, LLC | : |
| | : Chapter 11 |
| | : |
| Debtor and | : Chief Judge Russ Kendig |
| Debtor-in-Possession | : |
| | : |
| (Employer Tax I.D. No. 27-1695346) | : |

----------------------------------------------------------x

| | |
|---|---|
| In re: | : Case No. 17-61736 |
| SUAREZ CORPORATION INDUSTRIES | : |
| | : Chapter 11 |
| | : |
| | : Chief Judge Russ Kendig |
| | : |
| Debtor and | : |
| Debtor-in-Possession | : |
| | : |
| (Employer Tax I.D. No. 34-1132690) | : |

----------------------------------------------------------x

| | |
|---|---|
| In re | : Case No. 17-61737 |
| RETAIL PARTNER ENTERPRISES, LLC | : |
| | : Chapter 11 |
| | : |
| Debtor and | : Chief Judge Russ Kendig |
| Debtor-in-Possession | : |
| | : |
| (Employer Tax I.D. No. 27-1695537) | : |

----------------------------------------------------------x

17981

In re                               :    Case No. 17-61738
MEDIA SERVICE CORPORATION    :
                                  :    Chapter 11
                                  :
Debtor and                        :    Chief Judge Russ Kendig
Debtor-in-Possession           :
                                  :
(Employer Tax I.D. No. 34-1185822)    :
-------------------------------------------------------------x

## DEBTORS' MOTION FOR ORDER DIRECTING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 of the Bankruptcy Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting joint administration of their respective chapter 11 cases (the "Chapter 11 Cases").

### Background

1.      On August 7, 2017 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue of the Debtor's chapter 11 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

3.      The Debtor started in business in 1968 when Benjamin Suarez ("Mr. Suarez") started a small business from his home which eventually became Suarez Corporation Industries ("SCI"), a large and formerly very successful direct marketing company.

4.      Following many failures and limited successes, SCI became profitable in 1973 and experienced major growth during the 1990s and 2000s when SCI's annual sales went from approximately $16 million to over $200 million, reaching a high of over $400 million in 2008.

5.      Then, like many American businesses, SCI's business suffered because of the 2008-2009 Great Recession.  As it started to recover, in 2011, the federal government initiated an extensive investigation of alleged federal campaign finance law violations, which resulted in indictments in 2013 against SCI, Mr. Suarez, and SCI's chief financial officer, Michael Giorgio.

6.      Following a month-long trial in 2014, Mr. Suarez was convicted on one count of attempted witness tampering and in January 2015 he began serving a fifteen-month sentence at a federal facility in West Virginia.  Mr. Suarez was released in early 2016.

7.      Stated plainly, SCI, already "wounded" by the nationwide economic downturn in 2008-2009, simply has not been able to financially recover from the significant expense and major distraction of the above-mentioned federal investigation and indictments, compounded by Mr. Suarez's lengthy absence from the business during his incarceration, unfortunately leaving it and its related entities insolvent and with no option other than bankruptcy to preserve its business and assets.

**Relief Requested**

8.      In order to administer the Debtors' pending chapter 11 cases efficiently, the Court should order joint administration, for procedural purposes only, with all notices, motions, orders, and other pleadings and matters in the Chapter 11 Cases filed and administered under the bankruptcy case number currently assigned to the SCI Direct LLC bankruptcy case.

9.      Many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each Debtor.  By jointly administering the Chapter 11 Cases, the Debtors will be able

to reduce fees and costs and ease the onerous administrative burden of having to file and serve multiple and duplicative documents.

10. The procedural, as opposed to substantive, consolidation of the Chapter 11 Cases and the Debtors' bankruptcy estates will not affect the rights of the Debtors' creditors. Indeed, the Debtors' creditors will benefit from the reduced costs of joint administration. Also, joint administration will relieve the Court of the burden of entering and maintaining duplicative orders and files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee will be simplified.

11. Joint administration is appropriate when two pending cases involve a debtor and an affiliate. In this instance, Suarez Corporation Industries is an operating entity involved in direct marketing products to consumers, Retail Partner Enterprises, LLC markets the same products as Suarez Corporation Industries on a wholesale basis to retail stores, and SCI Direct, LLC, holds certain patents, trademarks, and other intellectual property used by Suarez Corporation Industries, and Retail Partner Enterprises, LLC. All debtors are owned by Suarez Enterprises Holding Company thereby meeting the definition of affiliates under 11 U.S.C. § 101(2). The Debtors' operate as an integrated whole and the continued viability of each entity is necessary for the other's success. The possibility of inconsistent results in two cases, warrant joint administration. That issue, combined with the reduced cost of administration, justify the joint administration of these cases.

12. Based on the foregoing, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors, equity security holder, and all parties in interest. Accordingly, the Debtors request that, henceforth, the caption of pleadings, orders, and other

documents filed in the Chapter 11 Cases reflect the joint administration of such cases and appear as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

---------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Case No. 17-61735 |
| SCI DIRECT, LLC | : | (Jointly administered) |
| | : | |
| | : | |
| *et al.*[1] | : | Chapter 11 |
| | : | |
| | : | |
| Debtors and | : | Chief Judge Russ Kendig |
| Debtors-in-Possession. | : | |
| | : | |
---------------------------------------------------------x

**Notice**

13.     No creditors' committee has been appointed in the Chapter 11 Cases.  Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States trustee; (b) the Debtors' 20 largest unsecured creditors, on a consolidated basis, as identified in their chapter 11 petitions; (c) the Debtors' secured lenders; and (d) the District Director of the Internal Revenue Service.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**No Prior Request**

14.     No prior motion for the relief requested herein has been made to this or any other Court.

---

[1]   The Debtors are SCI Direct, LLC, Suarez Corporation Industries, Retail Partner Enterprises, LLC, and Media Service Corporation.

WHEREFORE, each of the Debtors respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A: (a) authorizing the joint administration of the Chapter 11 Cases under the case number assigned to the SCI Direct, LLC bankruptcy case; and (b) granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTORS AND DEBTORS IN
POSSESSION

# EXHIBIT A

{685492:2} 7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

-----------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Case No. 17-61735 |
| SCI DIRECT, LLC | : | |
| | : | Chapter 11 |
| | : | |
| Debtor and | : | Chief Judge Russ Kendig |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 27-1695346) | : | |

-----------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 17-61736 |
| SUAREZ CORPORATION INDUSTRIES | : | |
| | : | Chapter 11 |
| | : | |
| | : | Chief Judge Russ Kendig |
| Debtor and | : | |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 34-1132690) | : | |

-----------------------------------------------------------x

143620

| | | |
|---|---|---|
| In re | : | Case No. 17-61737 |
| RETAIL PARTNER ENTERPRISES, LLC | : | |
| | : | Chapter 11 |
| | : | |
| Debtor and | : | Chief Judge Russ Kendig |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 27-1695537) | : | |
| ----------------------------------------------------------x | | |
| In re | : | Case No. 17-61738 |
| MEDIA SERVICE CORPORATION | : | |
| | : | Chapter 11 |
| | : | |
| Debtor and | : | Chief Judge Russ Kendig |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 34-1185822) | : | |
| ----------------------------------------------------------x | | |

**ORDER PURSUANT TO BANKRUPTCY RULE 1015(b)**
**GRANTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

This matter coming before the Court on Debtors' Motion For Order Directing Joint Administration of Chapter 11 Cases (the "Motion") filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) service and notice of the Motion and the Hearing was sufficient under the circumstances; and (c) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

2

1.    The Motion shall be, and hereby is, GRANTED.

2.    Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

3.    The Debtors' respective captioned and numbered cases are consolidated for procedural purposes only, and shall be jointly administered in accordance with Bankruptcy Rule 1015(b).

4.    The caption of any motions, orders, pleadings, or other documents filed in these jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

-------------------------------------------------------------x
In re:                                              :    Case No. 17-61735
SCI DIRECT, LLC                                     :    (Jointly administered)
                                                    :
                                                    :
                      *et al.*[1]                   :    Chapter 11
                                                    :
                                                    :
          Debtors and                               :    Chief Judge Russ Kendig
          Debtors-in-Possession.                    :
                                                    :
-------------------------------------------------------------x

5.    A docket entry shall be made in each of the above-captioned chapter 11 cases substantially as follows:

**Notice of Joint Administration**

"An order has been entered in this case providing for its joint administration with the case of SCI Direct, LLC Case No. 17-6_____ in accordance Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  The file

---

[1]    The Debtors are SCI Direct, LLC, Suarez Corporation Industries, Retail Partner Enterprises, LLC, and Media Service Corporation.

3

for the Debtor in Case No. 17-6_____ should be consulted for all matters affecting this case."

6.      This Order is effective immediately upon its entry and the clerk of the Court is

hereby directed to enter this Order on the docket in each of the Debtors' chapter 11 cases.

IT IS SO ORDERED.


                                        ###

PREPARED BY:

/s/Anthony J. DeGirolamo_____
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio  44718
Telephone:  (330) 305-9700
Facsimile:  (330) 305-9713
E-mail:  ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION

4